977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger MULDAVIN, Jean Muldavin, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1025.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Roger and Jean Muldavin appeal from the Tax Court's decision affirming the Commissioner's determination that they are liable for tax deficiencies and penalties under the Crude Oil Windfall Profit Tax Act of 1980, § 101(a)(1), Pub.L. 96-223, 94 Stat. 230. On appeal, the Muldavins argue that the Tax Court committed error in finding that they were "producers" of crude oil under the Act, that they were liable for windfall tax deficiencies, and that they were subject to penalties for negligent or intentional disregard of the tax laws.
 
 
 2
 We conclude that the Tax Court's judgment in favor of the Commissioner should be affirmed.
 
 
 3
 In 1963, Jean Muldavin, then a single woman known as Jean Sakalauskas, purchased a parcel of land in Manistee County, Michigan for $3500. In 1968, she entered into an oil and gas lease with respect to the land. In 1970, she married Roger Muldavin, and the Muldavins took joint ownership of the land and interest in the lease. In December of 1974, Shell Oil Company began oil and gas production on the land. The petitioners owned approximately a one-eighth royalty interest in the well; Shell Oil owned a seven-eighths working interest. As operator of the well, Shell Oil began making royalty payments to the petitioners and withholding the appropriate amounts of windfall profit tax for the relevant years 1980, 1981, 1982 and 1983. Shell designated the petitioners as individual royalty owners and provided them with form 6848, evidencing the amounts it had withheld for the windfall tax for these years. When petitioners filed their tax returns for these years, they contested the amount withheld by Shell and claimed these amounts as income tax credits to be set off against their income for the relevant years. They also altered their forms by declaring themselves "sovereign persons" rather than "individuals" as provided on the form, and struck a line through Shell's computation of their windfall profit tax liability and replaced it with the word "none." On other tax returns they objected to the perjury oaths on the forms and stated that the Windfall Profit Tax Act was unconstitutional as an uncompensated government taking.
 
 
 4
 For each of the years 1980-1984, the petitioners received the full amount of the payment credits they had claimed by one of three means: 1) applying the credit against their current income tax liability; 2) applying part or all of the credit toward their estimated income tax liability for the subsequent year; or 3) receiving an income tax refund directly from the IRS. In January of 1984, the petitioners were first contacted by the Commissioner's revenue agent regarding their liability for windfall tax payments for 1980. The petitioners filed a petition with the Tax Court seeking a redetermination of the 1980 deficiency. Subsequently, the Commissioner sent to the petitioners a notice of deficiency for each of the other years involved, 1981 through 1984. In November of 1989, the Tax Court consolidated petitioners' cases and entered its decision on October 7, 1991.
 
 
 5
 The Tax Court found that the petitioners, as lessors, landowners, and royalty owners, were the holders of an "economic interest" and were thus producers of crude oil under the Windfall Profit Tax Act, and subject to the oil tax imposed by I.R.C. § 4986. The Tax Court also determined that the deficiencies in question were deficiencies in windfall taxes, not income tax deficiencies as the petitioners had contended. Finally, the Tax Court held that the petitioners were liable for the penalties under I.R.C. § 6653(a) for negligent and intentional disregard of the applicable laws governing the taxation of windfall oil profits.
 
 
 6
 After a careful review of the record, we AFFIRM for the reasons fully and carefully developed in the Tax Court's Memorandum Findings of Fact and Opinion filed September 26, 1991.